NEAL CONNAUGHTON & others *vs.* DISTRICT COURT
OF CHELSEA.

Suffolk.    October 7, 1976. — November 3, 1976.

Present: REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts.    *Practice,
Criminal,* Stenographer, Probable cause hearing.

Where the Superior Court had plenary power to afford relief to crimi-
nal defendants who were denied their statutory right under G. L.
c. 221, § 91B, to have a stenographer present at their probable cause
hearing, there was no error in the refusal of a single justice of this
court to grant relief in the nature of a writ of mandamus or to exer-
cise discretionary power under G. L. c. 211, § 3. [302-303]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on May 15, 1975.
The case was heard by *Hennessey, J.*
*Lester M. Gold* for the plaintiffs.
*William A. Schroeder,* Assistant Attorney General, for
the defendant.

BRAUCHER, J.    In the defendant District Court a ste-
nographer retained by two of the plaintiffs was not allowed
to attend and take evidence at a probable cause hearing
on criminal charges against the plaintiffs. The plaintiffs
sought relief in the nature of a writ of mandamus and, if
necessary, relief under G. L. c. 211, § 3. A single justice
of this court denied relief, without reaching the merits, on
the sole ground of a declination to exercise discretionary
power under G. L. c. 211, § 3. We affirm on the ground that
the Superior Court has plenary power to afford any relief
to which the plaintiffs may be entitled.
We summarize the agreed facts. On May 8, 1975, the
plaintiffs Neal Connaughton, a juvenile, and his brother,

David Connaughton, an adult, together with four other adult codefendants, were the subjects of a probable cause hearing in the juvenile session of the District Court of Chelsea on charges of rape, kidnapping, unnatural acts, and assault and battery. The Connaughtons advised the court that they had a stenographer present and asked that she be sworn and allowed to take testimony. The request and a subsequent written motion to the same effect were denied. The defendants in that proceeding were ordered bound over to the grand jury on all charges. The plaintiffs have since been indicted by a Suffolk County grand jury on the same charges.

The plaintiffs also allege that on April 3, 1975, the Commonwealth moved for a continuance to May 8, 1975, and they consented on the basis that the Commonwealth agreed not to indict directly but to allow them a probable cause hearing. If these allegations are material, they request an evidentiary hearing.

It seems clear enough that David Connaughton, the adult brother, was improperly denied his statutory right to have a stenographer present at the probable cause hearing. G. L. c. 221, § 91B, inserted by St. 1965, c. 585. *Commonwealth* v. *Shea,* 356 Mass. 358, 360-361 (1969). We think it is equally clear that, since the juvenile brother, Neal Connaughton, was bound over to the grand jury, the Juvenile Court proceeding was a "hearing or proceeding in connection with a criminal case" under G. L. c. 221, § 91B, notwithstanding G. L. c. 119, § 53. It follows that he also was denied his statutory right to have a stenographer present.

The remaining question is what remedy is available. The Superior Court, where the indictments are now pending, has plenary power, subject to appellate review where available, to afford any appropriate relief, including the holding of evidentiary hearings, the ordering of new probable cause hearings, dismissal of the indictments, or other measures. Cf. *Commonwealth* v. *A Juvenile,* 363 Mass. 640, 642 (1973). There is therefore no occasion for relief in the nature of a writ of mandamus or for extraordinary relief

371 Mass. 303                                            303

Bournewood Hosp., Inc. *v.* Mass. Comm'n Against Discrimination.

under G. L. c. 211, § 3. *Costarelli* v. *Municipal Court of the City of Boston,* 367 Mass. 35, 41.

*Judgment affirmed.*