**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David Wayne BURKS,
Defendant-Appellant.**

**No. 76–1596.**

United States Court of Appeals,
Sixth Circuit.

Dec. 30, 1976.

Rehearing Denied Feb. 8, 1977.

---

Thomas W. Moon, Bart C. Durham, III, Nashville, Tenn. (Court appointed—CJA), for defendant-appellant.

Charles H. Anderson, U. S. Atty., Richard L. Windsor, Nashville, Tenn., for plaintiff-appellee.

Before WEICK and LIVELY, Circuit Judges, and CECIL, Senior Circuit Judge.

LIVELY, Circuit Judge.

◾ This appeal from conviction for armed bank robbery seeks reversal primarily on the ground that the government did not prove beyond a reasonable doubt that Burks was sane at the time he robbed the bank. The government has the burden of proving sanity once a prima facie defense of insanity has been raised. *United States v. Smith (Smith II)*, 437 F.2d 538, 541 (6th Cir. 1970).

Appellant contends that no witness for the prosecution testified that defendant was substantially capable of conforming his conduct to the requirements of the law he was charged with violating. While they did not agree on the proper diagnosis of appellant's condition, three expert witnesses for the defense testified that Burks suffered from a mental illness at the time of the bank robbery and that he was substantially incapable of conforming his conduct to the requirements of the law against robbing banks. This evidence was directed to the questions identified by this court as critical to the inquiry in *United States v. Smith (Smith I)*, 404 F.2d 720, 727 (1968), where we wrote:

> The questions for jury consideration pertaining to criminal responsibility when defendant offers an insanity defense are as follows:
>
> 1. Was he suffering from a mental illness at the time of the commission of the crime?
>
> 2. Was the illness such as to prevent his knowing the wrongfulness of his act?
>
> 3. Was the mental illness such as to render him substantially incapable of conforming his conduct to the requirements of the law he is charged with violating?
>
> A negative finding as to the first question or negative findings as to both the second and third questions would require rejection of the insanity defense. An affirmative finding as to the first question, plus an affirmative finding as to either the second or the third question, would require a jury verdict of "not guilty" because of defendant's lack of criminal responsibility.

Even though the only expert evidence in the present case directed to the issues set forth in *Smith I* indicated one conclusion, the jury was not required to accept the expert testimony as conclusive if there was other evidence from which they could reach a contrary determination. However, the fact that the experts disagreed on the precise form of mental illness with which Burks was afflicted did not create a jury issue.

The appellant argues that the jury should not have been permitted to consider either the expert or lay testimony of government witnesses on the insanity issue since it was not directed to the criteria adopted in *Smith I*. The government contends that evidence of the detailed advance planning of the robbery and the behavior of Burks during and immediately after the robbery was relevant to the issue of whether Burks was under such stress as to make him incapable of complying with the laws against robbing banks.

◾◾ Psychiatrists and psychologists are not limited to answering the three questions set forth in *Smith I, supra*; but may testify broadly as to their contacts with a defendant who relies on an insanity defense, and state their conclusions as to his

condition, in medical as well as legal terms. The extent to which lay testimony should be considered on the issue of sanity has been treated in opinions of this court as well as others. *Smith II, supra,* 437 F.2d at 541; *Smith I, supra,* 404 F.2d at 728; *Pollard v. United States,* 282 F.2d 450, 460 (6th Cir. 1960); *United States v. McGraw,* 515 F.2d 758, 760 (9th Cir. 1975); *Brock v. United States,* 387 F.2d 254, 257–58 (5th Cir. 1967). No clear rule emerges from reading these opinions. Therefore, each case in which expert evidence on the question of sanity is sought to be rebutted by lay testimony must be decided on its own facts. *United States v. Fratus,* 530 F.2d 644, 648 (5th Cir. 1976).

Though they gave detailed accounts of their contacts with the defendant and opinions concerning his emotional problems, two expert witnesses for the government in the present case did not express definite opinions on the precise questions which this court has identified as critical in cases involving the issue of sanity. The government also presented several eyewitnesses to the robbery, a cab driver from whom Burks took a taxi at gun point immediately prior to the robbery and arresting law enforcement officers. All of these persons, who had very limited opportunity to observe him, testified that Burks did not appear abnormal. Such testimony has been found to have little probative value. *Smith II, supra,* 437 F.2d at 541. Finally, the government called Burks's supervisor in his work as a salesman for three weeks immediately before the robbery. This witness testified that Burks had been able to perform the tasks demanded by his job. However, on cross-examination this witness related an experience in which Burks had told a bizarre story of a room with cameras all around ". . . and blowing somebody's brains out and having a picture of it."

■■ On appeal following conviction the sufficiency of evidence of sanity is tested in the same manner as general claims of insufficiency, that is, by viewing the evidence presented and proper inferences therefrom in the light most favorable to the government. *United States v. Shepard,* 538 F.2d 107, 110 (6th Cir. 1976). Even viewed in this light we find no evidence which effectively rebutted the specific testimony of three experts with unchallenged credentials. Thus, the judgment of conviction must be reversed. Since Burks made a motion for a new trial this court has discretion in determining the course to direct on remand. 28 U.S.C. § 2106; *Bryan v. United States,* 338 U.S. 552 (1950); *Smith II, supra,* 437 F.2d at 541–42; *United States v. Wiley,* 170 U.S.App.D.C. 382, 517 F.2d 1212, 1216–18 (1975).

We conclude that the interests of justice will best be served in the present case by remanding to the district court for a determination of whether a directed verdict of acquittal should be entered or a new trial ordered. This decision should result from a balancing of the equities by the District Judge. We adopt the standards and procedure outlined by the Fifth Circuit in *United States v. Bass,* 490 F.2d 846 (1974), as a guide for the district court on remand:

[W]e reverse and remand the case to the district court where the defendant will be entitled to a directed verdict of acquittal unless the government presents sufficient additional evidence to carry its burden on the issue of defendant's sanity. As we noted earlier, the question of sufficiency of the evidence to make an issue for the jury on the defense of insanity is a question of law to be decided by the trial judge. * * * If the district court, sitting without the presence of the jury, is satisfied by the government's presentation, it may order a new trial. * * * Even if the government presents additional evidence, the district judge may refuse to order a new trial if he finds from the record that the prosecution had the opportunity fully to develop its case or in fact did so at the first trial. *Id.* at 852–53. (citations omitted).

If there is another trial the district court should not charge that the terms mental defect or mental disease do not include any abnormality manifested only by repeated

criminal or otherwise anti-social conduct. *See Smith I, supra*, 404 F.2d at 727, n.8.

Since appellant has conceded in his brief that he did in fact hold up the bank as charged, it is not necessary to reach the other issues presented. His ultimate conviction or acquittal depends solely on a proper resolution of the issue of sanity.

The judgment of the district court is vacated and the cause is remanded for further proceedings consistent with this opinion.