COMMONWEALTH *vs.* PETER F. CULLEN. October 3, 1979. The defendant appeals from a conviction of rape, claiming improper closing argument by the prosecutor and erroneous instructions to the jury.

1. It was not beyond the limits of tolerable closing argument for the prosecutor to suggest consciousness of guilt from evidence of the defendant's temporary disappearance following commission of the crime. *Commonwealth* v. *Hoffer,* 375 Mass. 369, 377-378 (1978). *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978). The prosecutorial conduct was neither flagrant nor persistent. *Commonwealth* v. *De Christoforo,* 360 Mass. 531, 536-538 (1971). *Commonwealth* v. *Borodine,* 371 Mass. 1, 10-11 (1976), cert. denied, 429 U.S. 1049 (1977). Compare *Commonwealth* v. *Redmond,* 370 Mass. 591, 595-597 (1976), where the "prosecutor repeatedly and deliberately sailed unnecessarily close to the wind" and speculated about matters not in evidence, and *Commonwealth* v. *Burke,* 373 Mass. 569, 574-577 (1977), where the comment and suggested inference touched on matters not in evidence. In addition, the defendant's counsel did not take an express exception to the prosecutor's argument, although he did so inferentially, and the judge responded that he would attend to it in his instructions to the jury. In his instructions, the judge advised the jury that closing arguments of counsel were not evidence. In the circumstances, where only an isolated incident during closing argument was involved, this was sufficient. *Commonwealth* v. *Blaikie,* 375 Mass. 601, 611-612 (1978). Following the judge's instructions, the defendant's attorney neither made any objection nor advised the court as to what instruction he might desire. In such circumstances, nothing comes to this court for review as matter of right. *Commonwealth* v. *Myers,* 356 Mass. 343, 346 (1969). *Commonwealth* v. *Earltop,* 372 Mass. 199, 203 (1977). *Commonwealth* v. *Fitzgerald, supra* at 416.

2. The failure by the defense to object at the trial to any of the judge's instructions to the jury defeats the remaining points which the defendant seeks to raise on appeal. *Commonwealth* v. *Earltop, supra,* and *Commonwealth* v. *Fitzgerald, supra.* We have examined the entire record and by no stretch of the imagination is this a case where counsel's omission on this score should be overlooked because of "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967).

*Judgment affirmed.*

The case was submitted on briefs.

*Kenneth L. Sullivan & Joseph J. Balliro* for the defendant.

*John J. Conte,* District Attorney, *& James Lemire,* Assistant District Attorney, for the Commonwealth.