COMMONWEALTH *vs.* LAWRENCE J. DOUCETTE. February 14, 1980. The defendant was convicted on indictments charging assault with intent to rape (G. L. c. 265, § 24), assault by means of a dangerous weapon (G. L. c. 265, § 15B), and threatening to commit a crime against the person of the victim (G. L. c. 275, § 2). The judge imposed sentences on all but the last indictment, which he placed on file without objection. See *Commonwealth* v. *Hoffer*, 375 Mass. 369, 370 n.1 (1978).

1. The principal contention on appeal is that the trial judge erred in admitting a written, signed statement of the defendant without completely masking certain words. We have reviewed the entire transcript with special care and are confident that apart from the signed statement there is overwhelming evidence of guilt to support the jury's verdict. See *Milton* v. *Wainwright*, 407 U.S. 371, 372-373 (1972). Moreover, even if it was error to admit the statement in its present form (which we think certainly manifested poor judgment), it was harmless beyond a reasonable doubt. *Chapman* v. *California*, 386 U.S. 18, 24 (1967). See *Commonwealth* v. *Hanger*, 377 Mass. 503, 511-512 (1979). See also *Commonwealth* v. *Garcia*, 379 Mass. 422, 441-442 (1980). In the statement the defendant states explicitly five times (and inferentially other times) that he wanted to have sex with the victim. It is thus difficult for us to imagine how the defendant was prejudiced by the jury's seeing the words "having sex" in the middle of a passage which would have otherwise read, "When all else failed I pulled a knife[.] I was going to scare her into [purported deletion] taking the next left." This sentence was followed by the statement, "I asked her if she saw the knife." In short, we are satisfied that the Commonwealth has "prove[d] beyond a reasonable doubt that the error complained of did not contribute to the verdict[s] obtained." *Commonwealth* v. *Marini*, 375 Mass. 510, 520 (1978), quoting from *Chapman* v. *California, supra*. See *Harrington* v. *California*, 395 U.S. 250, 254 (1969). Contrast *Commonwealth* v. *Cobb*, 374 Mass. 514, 522-523 (1978).

2. The defendant's other assignment of error is directed to the prosecutor's closing argument. "Counsel has the right to argue inferences from the evidence favorable to his case, and the precise form should not control

unless it tends to lead the jury to an improper inference not from the evidence but from the apparent personal knowledge of the attorney." *Commonwealth* v. *Nordstrom*, 364 Mass. 310, 315 (1973). See *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 416 (1978). The prosecutor's argument to the effect that a rape would have occurred but for the superior size of the victim and her ability to remain calm throughout the incident was an inference fully warranted by the evidence. *Commonwealth* v. *Blaikie*, 375 Mass. 601, 612 (1978). And while we disapprove the use of the word "implore" by the prosecutor, we do not believe that when the argument is viewed in its entirety its use here requires a reversal for prosecutorial error.

In any event, it is to be noted that "the defendant did not ask for a specific curative instruction [in either instance], and the judge put the closing argument in its proper perspective by instructing the jury that such arguments are not to be considered as evidence." *Commonwealth* v. *Blaikie, supra* at 613. See *Commonwealth* v. *Cullen*, 8 Mass. App. Ct. 910 (1979). See also *Commonwealth* v. *Grammo*, 8 Mass. App. Ct. 447, 457-458 (1979), and authorities cited.

*Judgments affirmed*

*Conrad W. Fisher* for the defendant.
*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.