MICHAEL LYDON & another[1] vs. COMMONWEALTH.

Suffolk.  May 6, 1980. — August 22, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Constitutional Law,* Double jeopardy.  *Supreme Judicial Court,* Superin-
tendence of inferior courts.  *Practice, Criminal,* "Two-tier" court sys-
tem.

A defendant is not placed in double jeopardy merely because his only
avenue of relief from a conviction based on insufficient evidence at a
voluntarily sought bench trial is a trial de novo. [360-366] LIACOS, J.,
with whom ABRAMS, J., joined, dissenting.

Although a jury trial session is the appropriate forum for consideration
of a double jeopardy claim asserted after a bench trial, the jury trial
judge would have no occasion to consider the sufficiency of the evi-
dence at the bench trial upon assertion of such a claim.  [366-367]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on February 5, 1980.

The case was reported by *Wilkins, J.*

*Bonnie Spaccarelli Hannon (Eva S. Nilsen* with her) for
Michael Lydon.

*Kenneth D'Arcy* for Robert McDonald.

*Michael J. Traft,* Assistant District Attorney, for the
Commonwealth.

*Richard J. Hayes, William J. Leahy, Martin R. Rosenthal
& Brownlow M. Speer,* for the Massachusetts Defenders
Committee, amicus curiae, submitted a brief.

WILKINS, J.  This petition for relief under the general
superintendence powers of this court (G. L. c. 211, § 3) is
one of three similar cases decided today that raise questions
concerning the application of the principles of *Burks* v.
*United States,* 437 U.S. 1 (1978), to criminal cases in which

---

[1] Robert McDonald.

the accused has had a trial before a judge without a jury (a bench trial), and, dissatisfied with the result of the bench trial, has sought a de novo trial before a jury. The petitioners, whom we shall call the defendants, argue that the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, as construed in *Burks* v. *United States, supra*, requires that the charges against each be dismissed following his bench trial because the evidence at the bench trial was insufficient to warrant the convictions.

Under the statutory provisions concerning the trial of cases in the Municipal Court of the City of Boston (Municipal Court), each defendant has the right to a jury trial in the first instance, but the defendants in this case elected instead to have a bench trial, preserving their right to have a jury trial if they were dissatisfied with the result of the bench trial. See G. L. c. 218, § 26A, which is set forth in the margin.[2] The defendants argued to the judge at their joint bench trial in the Municipal Court that the evidence did not warrant their convictions. The judge, however, found them guilty, and the defendants exercised their statutory right to appeal for a trial by a jury of six. Before the jury trial commenced, however, the defendants moved in the Municipal Court's jury trial session to have the charges against them dismissed because the evidence at the bench trial was inadequate to justify their convictions. When this motion was denied, the defendants filed a petition in the single justice session of this court seeking relief under G. L.

---

[2] General Laws c. 218, § 26A, inserted by St. 1978, c. 478, § 188, reads as follows: "Trial of criminal offenses in the Boston municipal court department and in the divisions of the district court department shall be by a jury of six, unless the defendant files a written waiver and consent to be tried by the court without a jury, subject to his right of appeal therefrom for trial by a jury of six pursuant to section twenty-seven A. Such waiver shall not be received unless the defendant is represented by counsel or has filed a written waiver of counsel. Such trials by jury in the first instance shall be in those jury sessions designated by said section twenty-seven A for the hearing of such appeals. All provisions of law and rules of court relative to the hearing and trial of such appeals shall apply also to jury trials in the first instance."

c. 211, § 3. The single justice stayed the trial of these cases in the jury session of the Municipal Court, and, accepting the defendants' claim that the evidence at the bench trial did not warrant their convictions, reserved and reported two questions to the full bench, which are set forth in the margin.[3] The first of these questions inquires whether a defendant would be denied his right not to be placed in double jeopardy if he were required to go through a jury trial, when the evidence at the bench trial was inadequate to support his conviction. The second question concerns the procedural issue whether, assuming the existence of a double jeopardy claim, a jury-trial judge could or should reconsider the question of the sufficiency of the evidence which a bench-trial judge had decided adversely to a defendant.

The issues are important to the effective operation of the two-tier trial system in effect in the District and Municipal Courts of the Commonwealth. The present two-tier system was adopted, effective January 1, 1979, as part of the reorganization of the Commonwealth's judicial system pursuant to c. 478 of the Acts of 1978, commonly known as the Court Reorganization Act. In order to achieve a prompt and efficient disposition of the great number of criminal complaints filed each year in the District and Municipal Courts of the Commonwealth, involving relatively minor crimes, the concept of a bench trial was retained from the Commonwealth's earlier two-tier procedure. However, the Court Reorganization Act introduced a procedure that gave a defendant the right to a jury trial without the necessity of

---

[3] "1. Is it a denial of a defendant's right not to be placed in double jeopardy to require him to go through a jury trial, requested by him without waiving his rights, when the evidence at the bench trial was insufficient to warrant a conviction?"

"2. Assuming that a jury trial in such an instance would be a denial of a defendant's right not to be placed in double jeopardy, may the issue of the sufficiency of the evidence at the bench trial be considered again at the trial court level, assuming, of course, that the judge at the bench trial has denied an appropriate request for a ruling that the evidence at the bench trial was insufficient?"

a prior bench trial.[4]  As we have noted, a criminal defend-
ant now is granted the choice of a jury trial in the first in-
stance or a bench trial followed, if he so requests, by a de
novo trial before a jury (or another judge, if the defendant
waives his jury right).[5]

The circumstances of the defendants' trial are not impor-
tant to the resolution of the questions of law reported to the
court.  The single justice did not report the issue whether
the evidence warranted the defendants' convictions.[6]  We
treat the case as presenting squarely the question whether
double jeopardy principles bar the retrial of a defendant
who voluntarily chose to have a bench trial when the evi-
dence at the bench trial was inadequate to warrant a con-
viction.  We conclude that the defendants' voluntary choice
of a bench trial and subsequent choice of a trial de novo

---

[4] This change in the two-tier system was proposed in the December,
1976, Report on the State of the Massachusetts Courts made by the Gover-
nor's Select Committee on Judicial Needs, commonly known as the Cox
Committee.  Recommendation 19 was "A defendant charged with a
crime within the jurisdiction of the District Court should be offered an
election between an immediate jury trial and an immediate bench trial
subject to his right to claim a new trial with a six-person jury in the Dis-
trict Court." *Id.* at 32.  Commenting on its recommendation, the Cox
Committee said: "In this manner, the Commonwealth can eliminate the
pitfalls and frustration of the present form of trial de novo and still retain
an arrangement which disposes of minor criminal cases fairly yet with
minimum cost." *Id.* at 33.

[5] The apparent preference of defendants for an initial bench trial,
rather than an immediate jury trial, is demonstrated by data for the six
months of operation of the Municipal Court's jury session under the new
two-tier system.  From January 1, 1979, through June 30, 1979, 1,751
complaints were received in that session of which only 158, or about 9%,
were complaints tried before a jury in the first instance.  [1979] Annual
Report, The Office of the Chief Administrative Justice of the Trial Court
35 & 37.  We note that thousands of complaints were finally disposed of
by convictions at bench trials because the affected defendants did not seek
a jury trial.  *Id.* at 36.

[6] The single justice did not sit as a reviewing court in determining the
sufficiency of the evidence.  Thus, any conclusion reached by the single
justice on this issue was made for the purpose of reporting clearly framed
questions to the full bench and is not an adjudication of the rights of the
parties in this case.

create a situation in which double jeopardy is not implicated. Thus, the defendants' constitutional challenge to the two-tier trial system, which provides a trial de novo as the sole means of obtaining relief from the unsatisfactory result in their bench trial, is without merit.

The defendants argue that they should not be required to undergo a second trial in order to have their convictions reviewed, because the evidence at their first trial was insufficient to warrant a conviction. They claim that a trial de novo would put them twice in jeopardy for the same crime, in contravention of the Fifth Amendment to the Constitution of the United States, made applicable to the States through the Fourteenth Amendment.[7] *Benton* v. *Maryland,* 395 U.S. 784, 794 (1969). The defendants rely on *Burks* v. *United States,* 437 U.S. 1 (1978), to support their double jeopardy claim.[8] In that case, the Sixth Circuit Court of Appeals had reversed Burks' conviction because the evidence did not warrant a guilty finding and had remanded the case for consideration whether the circumstances warranted a new trial. *United States* v. *Burks,* 547 F.2d 968, 970 (6th Cir. 1976). The Supreme Court held, however, that it would be improper to retry Burks. The Court stated that a judgment of acquittal was required notwithstanding the fact that Burks had requested a new trial. 437 U.S. at 17-18.

The *Burks* case involved different circumstances from those before us because it dealt with an appellate determination that the evidence at trial did not warrant a conviction and a further determination that the double jeopardy clause barred a retrial in those circumstances. Burks was

---

[7] If the defendants have a valid double jeopardy claim, it properly should be dealt with in some forum before any second trial. *Costarelli* v. *Commonwealth,* 374 Mass. 677, 680 (1978). Immediate relief would be appropriate because, in such a case, the second trial itself would offend the constitutional guarantee. *Id. Abney* v. *United States,* 431 U.S. 651, 660-661 (1977) ("It is a guarantee against being twice put to *trial* for the same offense").

[8] On the same day as the *Burks* decision, the Supreme Court held in *Greene* v. *Massey,* 437 U.S. 19, 24 (1978), that the *Burks* principle was applicable to the States through the Fourteenth Amendment.

tried in a judicial system that provided for appellate review. No reviewing court has ruled on the sufficiency of the evidence at the bench trial in the present case. Under the two-tier system as it is designed to operate, no court would ever consider this issue. Thus, *Burks* v. *United States* is not applicable. The Court's holding in the *Burks* case was that "the Double Jeopardy Clause precludes a second trial *once the reviewing court has found the evidence legally insufficient.*" 437 U.S. at 18 (emphasis supplied).

The Court in the *Burks* case did not consider the question involved in the case before us, namely, whether under double jeopardy principles a defendant convicted on inadequate evidence at a bench trial has a right to a reconsideration of that ruling prior to a trial de novo. The defendants seek to extend the holding in *Burks* v. *United States, supra,* by arguing that that case requires the Commonwealth to provide a procedure by which the defendants can have another judge pass on the sufficiency of the evidence presented at his bench trial.

The defendants are correct in stating that, if they were to obtain a judgment of acquittal due to the insufficiency of evidence presented at their trial, they could not be retried. Double jeopardy protection under the Federal Constitution is afforded to criminal defendants regardless of whether such acquittal occurs at a bench trial, *Kepner* v. *United States,* 195 U.S. 100, 133 (1904), at a jury trial, *United States* v. *Ball,* 163 U.S. 662, 671 (1896), or on appeal, *Burks* v. *United States, supra.* Massachusetts heeds this constitutional mandate.[9] *Ludwig* v. *Massachusetts,* 427 U.S. 618,

---

[9] The *Burks* opinion introduced no new concept in the disposition of criminal appeals in this Commonwealth. At least in recent times, an appellate determination that the evidence did not warrant a conviction has resulted in an order for the dismissal of the charges and not in a new trial. See *Commonwealth* v. *Delgado,* 367 Mass. 432, 439 (1975); *Commonwealth* v. *Silva,* 366 Mass. 402, 410-411 (1974) (If motion to suppress had been allowed, as it should have been, a directed verdict would have been required. Judgment of not guilty ordered). After the *Burks* decision, we ordered the entry of a judgment of not guilty, citing the *Burks* case, where the trial judge erroneously failed to strike the testimony of a witness and,

631 (1976). But double jeopardy protection is not applicable to a defendant who is convicted and seeks reversal of such conviction by resort to a second-tier trial. The distinction between a convicted defendant and an acquitted defendant in terms of double jeopardy protection was established in *United States* v. *Ball, supra* at 671-672. The validity of this distinction was reconfirmed in *United States* v. *Scott,* 437 U.S. 82, 88-89 (1978),[10] a case decided the same day as *Burks* v. *United States, supra.*

The defendants' argument that the Commonwealth has no legitimate State interest in retrying them overlooks the fact that the Commonwealth did not seek to retry them. The defendants were convicted of the crime of possession of burglarious instruments with the intent to commit larceny. The Commonwealth was content with that disposition. Although the defendants argue that the findings were erroneous, the convictions stood until the defendants requested a trial de novo, which was the only avenue of relief available to them.[11] The Commonwealth did not force the defendants to submit to a second trial. It simply did not provide

---

when struck, the remaining evidence did not warrant guilty findings. *Commonwealth* v. *Funches,* 379 Mass. 283, 296-297 (1979). It was clear in the *Funches* case that the Commonwealth could not cure the insufficiency in the proof. See further discussion of the *Silva* and *Funches* cases in *A Juvenile* v. *Commonwealth (No. 2), post* 379, 383 n.5 (1980).

[10] In the *Scott* case, the defendant was successful in obtaining a dismissal of an indictment because of preindictment delay. The Supreme Court, by a five to four vote, held that the government could appeal the dismissal because, if the appeal were successful, the defendant properly could be tried on the indictment without violating the defendant's double jeopardy rights.

[11] The situation here is analogous to the situation in *United States* v. *Ball,* 163 U.S. 662 (1896), where the Court held that the defendants' convictions were based on a fatally defective indictment. The Court held that, although the convictions below would not stand on appeal, "yet, if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error; and, until so avoided, cannot be collaterally impeached. If the judgment is upon a verdict of guilty, and unreversed, it stands good, and warrants the punishment of the defendant accordingly, and he could not be discharged by a writ of *habeas corpus.*" *Id.* at 669-670.

the defendants a right of appeal or other review from their bench trial. None is constitutionally required. *Griffin* v. *Illinois*, 351 U.S. 12, 18 (1956).

A defendant's choice to have a bench trial in the first instance, without any prospect of review of errors occurring in the course of that trial, means that a considerable variety of errors might occur from which he could not obtain any relief. Many of these errors are of a type that could have a considerable effect on the result of the trial. The judge might misapply the law or improperly admit or exclude evidence, to the defendant's disadvantage (or advantage). There might be prosecutorial misconduct, or defense counsel's performance might be inadequate in a constitutional sense. However, errors of this nature in the trial of a case, even when they involve a misapplication of constitutional principles, have never been regarded as presenting a double jeopardy issue, that is, barring a second trial on double jeopardy grounds. "In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case." *Burks* v. *United States*, 437 U.S. at 15. And yet, an accused runs the risk of such errors by choosing to have an initial bench trial. We have never indicated that in making such an election the defendant must have knowingly considered and voluntarily waived all the potential errors of constitutional dimension.[12] But see *Ciummei* v. *Commonwealth*, 378 Mass. 504 (1979) (explicit waiver of constitutional right of trial by jury required).

The two-tier court system has already withstood constitutional challenge in the United States Supreme Court. *Ludwig* v. *Massachusetts*, 427 U.S. 618 (1976). *Colten* v. *Kentucky*, 407 U.S. 104 (1972). Some form of two-tier system is

---

[12] The United States Supreme Court has noted that "the inferior courts are not designed or equipped to conduct error-free trials, or to insure full recognition of constitutional freedoms. They are courts of convenience, to provide speedy and inexpensive means of disposition of charges of minor offenses." *Colten* v. *Kentucky*, 407 U.S. 104, 117 (1972), quoting from *Colten* v. *Commonwealth*, 467 S.W.2d 374, 379 (Ky. 1971).

in effect in approximately one-half of the States. *Colten* v. *Kentucky, supra* at 112 n.4. It is difficult to conceive that the Supreme Court intended in its *Burks* decision to hold, by implication, that such a widely adopted system for dealing with less serious crimes is unconstitutional. See *Greene* v. *Massey*, 437 U.S. 19, 27 (1978) (Rehnquist, J., concurring).

The present Massachusetts two-tier system is indistinguishable from that of the Kentucky court system which was challenged on double jeopardy grounds in *Colten* v. *Kentucky, supra*, except that to avoid a trial at the first level of the Kentucky system, a defendant had to plead guilty in the inferior court and then request a trial "de novo." *Id.* at 112. A defendant tried in the District and Municipal Courts of Massachusetts may simply obtain a jury trial in the first instance without the stigma of a guilty plea on his record. But neither the Kentucky court system examined in *Colten* v. *Kentucky* nor the present Massachusetts two-tier system imposes two trials on criminal defendants. Thus, no double jeopardy problem is presented. *Colten* v. *Kentucky, supra* at 119-120.

The defendants in the present case elected to follow the procedure by which they obtained a bench trial, preserving their right to seek a jury trial if they were dissatisfied with the results of the bench trial. They could have obtained a jury trial in the first instance with a right of appellate review, and no question of double jeopardy would have arisen at the trial level.

The procedure by which a defendant elects a trial by a judge without a jury in the first instance is not casual. Section 26A of G. L. c. 218, inserted by St. 1978, c. 478, § 188, carefully defines the defendant's right to assure that the defendant makes an informed choice. Trials "shall be by a jury of six, unless the defendant files a written waiver and consent to be tried by the court without a jury, subject to his right of appeal therefrom for trial by a jury of six pursuant to [§ 27A]." *Id.* No such waiver may be received "unless

the defendant is represented by counsel or has filed a written waiver of counsel." *Id.*[13]

A defendant obtains certain distinct advantages in having a bench trial followed by a jury trial, if he wishes. A bench trial serves as a means of discovery and recordation of the prosecution's testimony. Indeed, the judge may find the defendant not guilty. That would end the matter. A bench trial takes less time than a jury trial, offering the defendant a less expensive and less time consuming process. And, if the defendant does not like the result, he may obtain a second chance before a jury or, if he waives a jury, before a second judge, unfettered by the adverse decision previously made. The *Burks* opinion does not alter the statement in *Ludwig* v. *Massachusetts,* 427 U.S. 618, 632 (1976), that "[n]othing in the Double Jeopardy Clause prohibits a State from affording a defendant two opportunities to avoid conviction and secure an acquittal."

We acknowledge that "where the Double Jeopardy Clause is applicable, its sweep is absolute." *Burks* v. *United States,* 437 U.S. at 11 n.6. There are no equities to be balanced when the clause applies. We think that no double jeopardy is involved, however, when a criminal defendant voluntarily elects to accept the consequences of a procedure such as the optional two-tier system now in effect in the Commonwealth. We concur with the conclusion of the United States Supreme Court "that the Double Jeopardy

---

[13] Rule 12(A) of the Initial Rules of Criminal Procedure for the District Courts, effective on January 14, 1980, and not applicable to these defendants because they were arraigned in the Municipal Court of the City of Boston (and before January 14, 1980), provides in part:

"The oral notice of right to first-instance jury trial shall include a statement to the defendant that if he or she waives this right he or she will receive a trial before a judge and if not satisfied with the results of that trial will be able to appeal for a new trial before a jury."

In light of this opinion, consideration might be given to enlarging the consent form so that the defendant acknowledges that his only avenue of relief from any error in the bench trial is a trial de novo.

Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *United States* v. *Scott,* 437 U.S. 82, 99 (1978). In effect, allowing a defendant to have a trial de novo, like requiring "a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction[,] is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect." *Id.* at 91.

We have discussed the double jeopardy issue in terms of the requirements of the Constitution of the United States. No separate argument has been made under the law of the Commonwealth, including the Massachusetts Constitution. The reported question was not limited to the Federal constitutional issue nor expressed solely in terms of constitutional rights. Although this court has never explicitly stated that our Declaration of Rights includes a double jeopardy guarantee (see *Commonwealth* v. *Cepulonis,* 374 Mass. 487, 491-492 [1978]), protection against double jeopardy in this Commonwealth has long been part of the common law. See *Gallinaro* v. *Commonwealth,* 362 Mass. 728, 736-737 (1973).

As a matter of common law, we have never held that double jeopardy principles are involved when a criminal defendant, who may have been erroneously convicted at a bench trial, is afforded no appellate or other review of the alleged error but is allowed to seek relief solely by the means of a new trial completely divorced from the record of the prior trial. See *Mann* v. *Commonwealth,* 359 Mass. 661, 664 (1971). The claim of appeal for a second trial has been treated as simply vacating the judgment of the court at the bench trial. See *Enbinder* v. *Commonwealth,* 368 Mass. 214, 217, cert. denied, 423 U.S. 1024 (1975), and cases cited. For the same reasons stated in our discussion on the Constitution of the United States, the circumstances of this case do not offend any provision in the Constitution of the Commonwealth extending double jeopardy protection.

We come then to the question, which is rendered largely academic by what we have already decided, namely wheth-

er the jury-trial judge could pass on the defendants' motion to dismiss on grounds of double jeopardy. We conclude that the jury trial session is the appropriate forum for consideration of double jeopardy claims asserted after a bench trial. If there is a valid double jeopardy claim, it should be dealt with before, rather than after, the second trial. See note 7, *supra.*

In *Whitmarsh* v. *Commonwealth,* 366 Mass. 212, 216 (1974), appeal dismissed, 421 U.S. 957 (1975), we denied relief under G. L. c. 211, § 3, noting the availability of relief for a double jeopardy claim by means of a motion to dismiss filed in the Superior Court after a District Court bench trial. That opinion considered the procedure for raising double jeopardy issues under the former two-tier system,[14] but the result is no different under the current two-tier system. Rule 13 (c) (2) of the Massachusetts Rules of Criminal Procedure (378 Mass. 873 [1979]) provides that "[a] defense or objection which is capable of determination without trial of the general issue shall be raised before trial by motion." Consequently, the defendants' motion to dismiss properly should have been considered on the merits in the jury trial session. See *A Juvenile* v. *Commonwealth (No. 1),* 380 Mass. 552, 557-558 (1980); *Connaughton* v. *District Court of Chelsea,* 371 Mass. 301 (1976).

We answer the first reported question in the negative. A defendant is not placed in double jeopardy merely because his only avenue of relief from a conviction based on insufficient evidence at a voluntarily sought bench trial is a trial de novo. As to the second reported question, the jury-trial judge would have no occasion to consider the sufficiency of the evidence at the bench trial. Because there would be no valid double jeopardy claim, even if the evidence were insufficient to warrant the conviction, the jury-trial judge's only option would be to deny such a motion. The case is remanded to the county court for the entry of judgment.

*So ordered.*

---

[14] See *Gibson* v. *Commonwealth, post* 372 (1980), where we discuss the jurisdiction of the Superior Court to consider such a motion under the former two-tier system.

LIACOS, J. (concurring in part and dissenting in part, with whom Abrams, J., joins). Today the court addresses the constitutionality of an aspect of the optional two-tier system of criminal trials described in part in G. L. c. 218, § 26A, inserted by St. 1978, c. 478, § 188. Under this system, a defendant who chooses a bench trial and is convicted on insufficient evidence can be retried de novo to a jury, but he has no other avenue of relief. The majority conclude that this practice does not offend the double jeopardy clause of the Federal Constitution. I respectfully disagree.

The double jeopardy clause creates a constitutional policy against multiple trials of a criminal defendant. See *Green* v. *United States*, 355 U.S. 184, 187-188 (1957). If the prosecution received "one fair opportunity to offer whatever proof it could assemble," but the proof was insufficient, retrial of the defendant would frustrate the purposes of the double jeopardy clause. *Burks* v. *United States*, 437 U.S. 1, 16 (1978). See *Greene* v. *Massey*, 437 U.S. 19 (1978).[1]

The majority declare that "double jeopardy protection is not applicable to a defendant who is convicted and seeks reversal of such conviction by resort to a second-tier trial." *Supra* at 362. *Burks*, however, focused on the nature of the error committed at the first trial, not on acquittal or conviction. Thus, if the error is mere "trial error," which "implies nothing with respect to the guilt or innocence of the defendant," the defendant may be retried. *Burks*, *supra* at 15. If, on the other hand, the government failed to prove its case, retrial is impermissible. *Id.* at 16. The evil at stake is that a defendant against whom the prosecution

---

[1] Our previous two-tier system survived a general double jeopardy challenge. *Ludwig* v. *Massachusetts*, 427 U.S. 618 (1976). A system somewhat similar to our present one withstood a general challenge in *Colten* v. *Kentucky*, 407 U.S. 104 (1972). However, neither decision addressed the situation in which evidence at the first trial was insufficient. See *Gibson* v. *Commonwealth*, *supra*. Both *Ludwig* and *Colten* were decided, moreover, prior to *Burks*, in which the Court first drew a clear distinction between failure of proof and mere trial error, thus overruling a number of earlier cases dealing with double jeopardy claims.

has not been able to muster even a prima facie case must endure a second trial.

The majority impose a precondition for attachment of the defendants' double jeopardy rights; an appellate determination that the evidence was insufficient to convict him.[2] In so doing, the majority disregard the substantive mandate of *Burks* and fix upon a formal nicety wholly unrelated to the purposes of the double jeopardy clause. If a defendant is convicted on insufficient evidence, he cannot be retried, and it should matter not at all whether an appellate court has confirmed the insufficiency.

The double jeopardy clause requires the prosecution to prove its case in one trial. If the prosecution's evidence was so weak that no reasonable trier of fact could conclude that the defendants were guilty beyond a reasonable doubt, this principle applies with special force. The majority choose to ignore this logic. They would put the defendants here through the "embarrassment, expense and ordeal" of a second trial, and would consign them for a second time to "a continuing state of anxiety and insecurity." *Green* v. *United States, supra* at 187. They refuse to recognize that the double jeopardy clause safeguards against just such mistreatment at the hands of the criminal justice system. After today, the enforceability of the *Burks* right will depend largely upon the sufferance of the Legislature. If the Legis-

---

[2] The majority cite *United States* v. *Scott*, 437 U.S. 82, 88-89 (1978), in support of their distinction. *Supra* at 362. *Scott* involved an appeal by the government. But, in summary, that discussion merely states: "The successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, . . . poses no bar to further prosecution on the same charge." *Id.* at 90-91. For a defendant convicted at a first trial, the *Scott* opinion does not abrogate the distinction between evidentiary insufficiency and trial error. Indeed, the careful distinctions drawn in *Scott* as to dismissal of an indictment for reasons other than failure of proof support my view. "In the present case, the District Court's dismissal of the first count of the indictment [after the close of all of the evidence] was based upon a claim of preindictment delay and not on the court's conclusion that the Government had not produced sufficient evidence to establish the guilt of the defendant." *Id.* at 95.

lature chooses to provide a criminal defendant with no avenue of relief other than a second trial, the defendant's constitutional right must languish among shadows.

The majority opinion states: "We think that no double jeopardy is involved . . . when a criminal defendant voluntarily elects to accept the consequences of a procedure such as the optional two-tier system now in effect in the Commonwealth." *Supra* at 365. The majority point out that the defendants, not the Commonwealth, sought a trial de novo and that the Commonwealth simply provided the defendants with no other right to review of the bench trial.

The majority seem to treat a defendant's "voluntary" choice of a bench trial and subsequent "choice" of a trial de novo as a waiver of his double jeopardy rights.[3] But waiver of rights under the double jeopardy clause, like waiver of other constitutional rights, must be knowing and voluntary. *Green* v. *United States, supra* at 191. Even if the Commonwealth is not obliged to furnish a defendant with an avenue of appeal, a defendant choosing the bench trial should understand what he is giving up. Yet the majority seem oblivious to this principle. They make no provision that a defendant understand he is giving up his right not to be tried a second time after being convicted on insufficient evidence.[4] However, if a defendant's choice of a bench trial was not made intelligently, then he did not choose to accept

[3] "We conclude that the defendants' voluntary choice of a bench trial and subsequent choice of a trial de novo create a situation in which double jeopardy is not implicated." *Supra* at 359-360. "[D]ouble jeopardy protection is not applicable to a defendant who is convicted and seeks reversal of such conviction by resort to a second-tier trial." *Supra* at 362. Such language disregards the clear language of *Burks* to the contrary: "In our view it makes no difference that a defendant has sought a new trial as one of his remedies, or even as the sole remedy." *Burks* v. *United States,* 437 U.S. 1, 17 (1978).

[4] The majority point out that a defendant who chooses a bench trial may obtain tactical and other advantages. *Supra* at 365. However, a defendant's choice is not meaningful, in constitutional terms, unless he also understands that he is giving up his constitutional right. *Johnson* v. *Zerbst,* 304 U.S. 458 (1938).

the consequences of his choice. He did not choose to make a second trial his only avenue of relief from a conviction in the first trial. If a defendant's initial choice was not intelligent, it is pointless to say that the Commonwealth does not force him to endure a second trial.

The majority do not suggest that the present two-tier system makes provision for explicit waiver of the right to avoid a second trial after a bench trial conviction on insufficient evidence. Nor does such a waiver appear affirmatively in the report or the record. See *Ciummei* v. *Commonwealth*, 378 Mass. 504 (1979). Therefore, I would answer the first reported question in the affirmative.

On the second question, as if to carry their sophistical exercise a step further, the majority assert that the defendants, in a case such as this one, can raise their double jeopardy claims before the jury-trial judge. But what can be the purpose of this review? According to the majority, the defendants have no double jeopardy claim. Thus, for defendants such as Michael Lydon and Robert McDonald, the procedure before the jury-trial judge can only be charade in which the defendants' motion to dismiss inevitably will be denied. Perhaps the real purpose of this review is to give the jury-trial judge a chance to rule on the sufficiency of the evidence and thus to nullify the inexplicable result reached today.[5]

Because I would answer the first reported question in the affirmative, I concur with the majority's answer to the second question. The jury trial session is the proper forum for a defendant to raise a double jeopardy claim arising at his bench trial.

---

[5] The majority do not state that this review is available for all double jeopardy claims arising from the bench trial, or for claims unlike Lydon's and McDonald's.