COMMONWEALTH vs. FRANCIS S. RAHILLY, JR. October 14, 1980. The defendant appeals from his conviction on an indictment charging rape; an indictment charging assault and battery was placed on file without objection. See *Commonwealth* v. *Doucette*, 9 Mass. App. Ct. 846 (1980). We conclude that the defendant's various contentions are all without merit.

1. The defendant's argument with regard to his claim that the judge erroneously excluded the public from his probable cause hearing must fail. The Commonwealth requested that all persons (other than the victim's family) not involved in the case be excluded from the hearing. Com-

pare G. L. c. 278, § 16C. At the outset, we note that the record reflects that a reporter for a local newspaper, who was present at the hearing, wrote a story covering the proceedings. See generally *Globe Newspaper Co.* v. *Superior Court,* 379 Mass. 846 (1980). Passing the fact that the defendant did not complain at that time, we are unable to see how in the present circumstances the defendant could have been prejudiced at his trial in chief. See *Commonwealth* v. *Satterfield,* 373 Mass. 109, 116 (1977).

2. The judge did not abuse his discretion in denying the defendant's request for a continuance of the probable cause hearing. *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 517-518 (1972). Cf. *Commonwealth* v. *Gilchrest,* 364 Mass. 272, 277-278 (1973). We agree with the Superior Court judge's implied ruling that on the vague representations made by defense counsel at the probable cause hearing the District Court judge could have properly concluded that a continuance "would not measurably contribute to the resolution of [the] particular controversy." *Commonwealth* v. *Gilchrest, supra* at 276-277. See *Ungar* v. *Sarafite,* 376 U.S. 575, 589 (1964). In any event, the defendant has not on this record been able "to trace any [alleged] inadequacy at the [probable cause] hearing into the trial so as to justify a new trial." *Commonwealth* v. *Satterfield, supra* at 116.

3. The judge did not abuse his discretion in limiting cross-examination of the victim at the probable cause hearing. *Commonwealth* v. *Shea,* 323 Mass. 406, 417 (1948). *Commonwealth* v. *Cresta,* 3 Mass. App. Ct. 560, 563 (1975). See also *Myers* v. *Commonwealth,* 363 Mass. 843, 857 (1973) ("[judge] at [probable cause] hearing has the same broad discretion as a trial judge in limiting the scope of cross-examination to relevant issues"). The record does not show that the defendant was unfairly precluded from examining the victim. Contrast *Commonwealth* v. *Bohannon,* 376 Mass. 90, 94 (1978). The judge properly sustained objections to further proposed inquiries that were repetitious. See *Commonwealth* v. *Carroll,* 360 Mass. 580, 589 (1971); *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 714 (1974).

4. Given what we have said above, it is unnecessary for us to reach the question of the effect of the grand jury indictment of the defendant on his claims of alleged error at the probable cause hearing.

5. We pass the question whether a different District Court judge could have set aside the finding of probable cause, because the defendant has not made it appear that he suffered any prejudice by that judge's refusal to do so.

6. The Superior Court judge properly denied the defendant's motion to dismiss the indictment. Compare *Connaughton* v. *District Court of Chelsea,* 371 Mass. 301, 302 (1976). No error of law or abuse of discretion has been shown. See *Commonwealth* v. *Britt,* 362 Mass. 325, 330 (1972) ("Traditionally, irregularities in the probable cause hearing fur-

nished no ground for dismissal of the indictment"). We note, as did the Superior Court judge, the lack of objections by the defendant at the probable cause hearing.

7. The instructions given the jury on intent, intoxication and consent were adequate. The instructions requested by the defendant, but not given, were either unnecessary or erroneous. The charge properly placed on the Commonwealth the burden of establishing the existence of each essential element of the crime beyond a reasonable doubt. As to the issue of consent, the judge on at least six occasions indicated that such proof should establish that the crime was "by force and against her will." Diminished capacity resulting from the voluntary use of intoxicating liquor is not a defense to rape. *Commonwealth* v. *Stewart,* 359 Mass. 671, 679 (1971), vacated as to death penalty, 408 U.S. 845 (1972). See *Commonwealth* v. *Johnson,* 374 Mass. 453, 462-463 (1978), and cases cited; *Commonwealth* v. *Sheehan,* 5 Mass. App. Ct. 754, 761-762 (1977).

8. It is now well settled that forcible oral sex is unnatural sexual intercourse within the meaning of the rape statute (G. L. c. 265, § 22). See *Commonwealth* v. *Gallant,* 373 Mass. 577, 583-584 (1977). The defendant's argument that "community standards" is a relevant consideration in these circumstances is very wide of the mark. Contrast *Commonwealth* v. *Balthazar,* 366 Mass. 298, 302 (1974), wherein the application of "the concept of general community disapproval of specific sexual conduct, which is inherent in [G. L. c. 272,] § 35," is discussed.

*Judgment affirmed.*

*Imelda C. LaMountain* for the defendant.
*Francis X. Spina,* Assistant District Attorney, for the Commonwealth.