**Viola Maxine PATTY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16164.**

Court of Criminal Appeals of Oklahoma.

April 26, 1972.

Elaine G. Allman, Frank Gibbard, Sulphur, for appellant.

Larry Derryberry, Atty. Gen., Michael D. Tinney, Asst. Atty. Gen., for appellee.

BRETT, Judge.

Appellant, Viola Maxine Patty, hereinafter referred to as defendant, was convicted in the District Court of Love County, case number 1504, with the offense of murder and sentenced to life imprisonment. Judg-

ment and sentence was imposed on May 7, 1970, and this appeal perfected therefrom.

Defendant was initially charged in Love County Case number 1504, with having murdered Kern Patty, her husband, on May 3, 1968. Defendant was tried before a jury which returned a verdict on February 18, 1969, finding the defendant guilty of the lesser included offense of manslaughter in the first degree and fixing punishment at fifteen years imprisonment. Thereafter, on February 26, 1969, the district court granted defendant's motion for a new trial for the reason that there had been misconduct of a juror. Defendant was then retried on the charge of murder on April 21, 1970, and the jury returned a verdict finding her guilty of the charge of murder, and assessing punishment at life imprisonment. Defendant's objection that she was twice put in jeopardy in violation of constitutional mandate was overruled, and judgment and sentence was imposed by the district court on May 7, 1970.

It is defendant's contention that after the first jury trial resulted in a conviction for the lesser included offense of manslaughter, that she could not again be tried on the charge of murder as this would amount to putting her twice in jeopardy for the same crime in violation of the double jeopardy clause of the Fifth Amendment.

In Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), the defendant was charged and tried for first degree murder, but convicted of second degree murder. The second degree murder conviction on appeal was reversed and remanded for a new trial. On retrial the defendant was again tried for first degree murder and convicted of that offense. The Supreme Court reversed the first degree murder conviction holding that the double jeopardy clause of the Fifth Amendment prohibited defendant's retrial on the greater offense when the first jury had convicted her only of the lesser offense. The Supreme Court "regarded the jury's verdict as an implicit acquittal on

the charge of first degree murder." 355 U.S. at 190, 78 S.Ct. at 225. The Supreme Court further held that "Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense." 355 U.S. at 191, 78 S.Ct. at 225. The Supreme Court expressly rejected the idea that in appealing the conviction for the lesser offense, the defendant waived any claim of double jeopardy on the greater offense. "Conditioning an appeal of one offense on a coerced surrender of a valid plea of former jeopardy on another offense exacts a forfeiture in plain conflict with the constitutional bar against double jeopardy." 355 U.S. at 193–194, 78 S.Ct. at 227.

The Green decision concerned a federal offense and at one time it may have been argued its decision had no effect in cases involving violations of state law. However, the United States Supreme Court in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), held that the double jeopardy clause of the Fifth Amendment was binding on the state through the Fourteenth Amendment. Furthermore, Benton v. Maryland, supra, was held to be fully retroactive in application. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

The rule of Green v. United States, supra, was recently reaffirmed in a situation involving a violation of state law. In Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), the defendant was charged and tried for murder. At the first trial the jury returned a verdict finding the defendant guilty of the included offense of voluntary manslaughter. The manslaughter conviction was set aside and the defendant retried again for murder. Although the second trial resulted again in the defendant's conviction of manslaughter, the United States Supreme Court held that the retrial on the greater offense of murder violated the constitutional prohibition against twice putting an accused in jeopardy and reversed the conviction. Chief Justice Burger, in writing for a unanimous court, held that "the first verdict, limited as

it was to the lesser included offense, required that the retrial be limited to that lesser offense." 398 U.S. at 327, 90 S.Ct. at 1760. The Supreme Court observed that it "has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." 398 U.S. at 329, 90 S.Ct. at 1761. In finding that it was necessary to reverse the second decision, even though it was for the same degree of offense as that in the first trial, the court noted they "can not determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence." 398 U.S. at 331, 90 S.Ct. at 1762.

It is therefore apparent in the instant case that it was error for the state to retry defendant on the greater offense of murder after a jury had impliedly acquitted her of that offense. It is therefore necessary to reverse and remand defendant's conviction of murder with instructions that if she be retried such retrial is limited to a charge. of manslaughter, or its lesser included offenses.

Reversed and remanded.

BUSSEY, P. J., and SIMMS, J., concur.