**Seanarfis RIVERS, Petitioner,**

v.

**William LUCAS and Hon. Henry Heading, Respondents.**

**Civ. A. No. 38347.**

United States District Court,
E. D. Michigan, S. D.

June 14, 1972.

Kenneth A. Webb, Detroit, Mich., for petitioner.

William L. Cahalan, Pros. Atty., Wayne County, Arthur N. Bishop, Asst. Pros. Atty., Detroit, Mich., for respondents.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

In October of 1970, an information was filed charging petitioner with murder in the first degree in perpetration of a larceny. On January 19, 1971, he pleaded guilty to the lesser offense of manslaughter. When Rivers was given a substantial prison sentence, he appealed.

In March 1972, the Court of Appeals reversed his conviction on the ground that he had not been advised of his right against self-incrimination, citing People v. Jaworski, 387 Mich. 21, 194 N.W.2d 868 (1972).

After remand, the State indicated its intention to proceed on the original information charging murder. Rivers moved to reduce the charge to manslaughter, relying on the authority of Mullreed v. Kropp, 425 F.2d 1095 (6th Cir. 1970). This motion was denied. Petitioner then filed an application for leave to appeal to the Michigan Court of Appeals, which court denied relief. He then appealed to the Supreme Court, which court also denied relief. Petitioner thereupon filed a petition here for a writ of habeas corpus.

There is a clear conflict between the rulings of the Sixth Circuit Court of Appeals and Michigan courts on the issue raised by petitioner. In Mullreed v. Kropp, *supra*, the United States Court of Appeals held that when a plea to a lesser included offense is accepted, this constitutes a deliberate decision by the State to relinquish its right to proceed

on the greater charge and jeopardy attaches. That court stated:

"We agree that in legal effect the first proceeding is a nullity. The consequences of this are to make retrial upon the same count, robbery unarmed, entirely permissible. This is the rule of United States v. Ball, *supra,* 163 U.S. 662, 16 S.Ct. 1192, 41 L. Ed. 300 . . . The same would be true if this had been a jury proceeding subsequently overturned on constitutional grounds. Nonetheless the holding of Green v. United States, *supra,* 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed. 199, is that the conviction on the lesser, or more properly, refusal to convict on the greater, would bar a subsequent prosecution and sentence on the greater charge." 425 F.2d at 1101.

The most recent pronouncement of the Michigan Court of Appeals in People v. McMiller, 38 Mich.App. 99, 195 N.W.2d 801 (1972), expresses strong disagreement with that ruling:

" 'We hereby express total disagreement with the Mullreed opinion. It ignores the importance of the plea milieu.' " quoting People v. Harper, (1971), 32 Mich.App. 73 at 100, 101, 188 N.W.2d 254.

Nonetheless, the law in this circuit is clear; the State may not try petitioner for murder, but may proceed to trial only on the lesser offense of manslaughter.

The State argues that to grant relief now is premature since Rivers has not yet been tried for murder. But delay in this case would be futile. It would thwart principles of judicial economy to require Rivers to be tried on the charge of murder and if convicted to exhaust his appeal procedures again, only to return years hence on the same issue. Therefore,

It is ordered that the petitioner be released from custody unless the State reduces the charge on the information against petitioner to not more than manslaughter.