663 F.2d 355
 Albert B. BENSON and Viktor E. Benson, Petitioners, Appellants,
v.
SUPERIOR COURT DEPARTMENT OF the TRIAL COURT OF
MASSACHUSETTS and Francis X. Bellotti, as he is
Attorney General of the Commonwealth of
Massachusetts, Respondents, Appellees.
 No. 81-1162.
 United States Court of Appeals,
First Circuit.
 Argued Sept. 15, 1981.
Decided Nov. 9, 1981.
 
 John C. Martland, and Murray P. Reiser, Boston, Mass., with whom Jordan L. Ring, Ring & Rudnick, and Reiser & Rosenberg, Boston, Mass., were on brief, for appellants.
 John J. Bonistalli, Sp. Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., and Stephen R. Delinsky, Asst. Atty. Gen. Needham, Mass., Chief, Criminal Bureau, were on brief, for appellees.
 Before COFFIN, Chief Judge, VAN DUSEN, Senior Circuit Judge*, BOWNES, Circuit Judge.
 COFFIN, Chief Judge.
 
 
 1
 Appellants, previously acquitted of the charges of arson and breaking and entering with intent to commit arson, now face trial on the charge of conspiring to commit arson. They come before us claiming that the double jeopardy clause bars their prosecution for the crime of conspiracy, or, alternatively, that collateral estoppel, as embodied in the double jeopardy clause, limits the facts and issues that can be litigated during the trial on the conspiracy charge. They seek relief under 42 U.S.C. § 1983 and our habeas corpus jurisdiction.
 
 I.
 
 2
 On the evening of December 20, 1978, Massachusetts state police observed appellants, Albert and Viktor Benson, entering and exiting from an office building that erupted into fire shortly after their departure. The Bensons were arrested and, indicted with identical charges of arson, breaking and entering with intent to commit arson, and conspiracy to commit arson. Because Massachusetts law at that time prevented the Commonwealth from trying them for the substantive crimes at the same time it tried them for conspiracy to commit the same substantive crimes, Mass.Gen. Laws ch. 278, § 2A (repealed 1979), the Commonwealth chose to prosecute first for the substantive crimes. Appellants were acquitted.
 
 
 3
 The state subsequently undertook to start proceedings on the conspiracy count. Although the state admits that it has no direct evidence of a conspiracy, it seeks to prove conspiracy by use of inferential and circumstantial evidence. Appellants have argued that, given the wording of the instructions to the jury, the acquittal on the charges of the substantive crimes included an acquittal on the conspiracy charge. Their primary contention, however, has been that the state does not have any substantial proof of conspiracy and that it will in fact try to prove conspiracy by trying to show that appellants actually set the fire and therefore must have participated in an agreement between themselves sufficient to constitute a conspiracy.
 
 
 4
 Appellants raised these objections before the state trial court by filing a pre-trial motion to dismiss, alleging that double jeopardy requires that the entire proceeding be barred because the facts the government will try to prove have already been found in their favor, and by filing a motion in limine requesting the court to issue an order to prevent the government from reintroducing facts and theories of facts that were rejected at the first trial. The Massachusetts Superior Court denied both motions.
 
 
 5
 Appellants appealed these decisions to the extent of filing with one member of the Massachusetts Supreme Judicial Court an application for leave to take an interlocutory appeal. Apparently because the Massachusetts Rules of Criminal Procedure specifically allow a defendant to raise on interlocutory appeal issues spurred by a ruling on a motion to suppress, appellants characterized the trial court's rulings as refusals to suppress evidence. See Mass.R.Crim.P. 15(b)(2). The Justice to whom they appealed denied their application without prejudice to their right to renew the objections in the course of the trial proceedings.
 
 
 6
 Thereupon, appellants filed suit in the federal district court, seeking a writ of habeas corpus barring the prosecution or a writ barring the relitigation of all issues and facts necessarily determined in their favor at the previous trial. They also alleged that under § 1983 they were entitled to a declaratory order dismissing the indictment or both declaratory and injunctive relief preventing the Commonwealth from relitigating issues previously determined. Finding that it had jurisdiction to address these claims, the district court, 507 F.Supp. 975, concluded that the double jeopardy clause does not require that the prosecution be barred. It did, however, issue an order stating that the Commonwealth is foreclosed from claiming or arguing that appellants set the fire or aided, counseled or procurred the burning of the building.
 
 II.
 
 7
 We address first the question whether the double jeopardy clause requires that the prosecution on the conspiracy charge be barred by the acquittal on the substantive crimes. This question is framed by appellants both as a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 and as a prayer for a declaratory order under 42 U.S.C. § 1983.
 
 
 8
 With respect to the petition for a writ of habeas corpus, our primary concern is whether appellants have properly exhausted their claim. Exhaustion presents a peculiar question in the context of a petition for a writ of habeas corpus brought before the state proceeding has even begun. Section 2254, which requires exhaustion, applies only to petitions filed after the state has rendered a judgment and hence affords neither a source of power nor a definition of exhaustion applicable to this case. Section 2241, which empowers courts to issue writs and makes no mention of exhaustion, has been interpreted to allow a court to grant a writ before a defendant has exhausted his claim at trial, but only in unusual circumstances. See Ex Parte Royall, 117 U.S. 241, 251-53, 6 S.Ct. 734, 740-41, 29 L.Ed. 868 (1886). The Supreme Court has reasoned that federal courts, despite their power to issue writs, must respect the authority and ability of state courts to protect constitutional rights in the first instance. See Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 1126-27, 35 L.Ed.2d 443 (1973); Ex Parte Royall, supra, 117 U.S. at 251-53, 6 S.Ct. at 740-41. Thus, while it may be possible for a court to consider issuing a writ before the trial has taken place and before the state court has had a chance to decide the constitutional issue, the circumstances under which this should be allowed must be very carefully examined. See generally Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975).
 
 
 9
 We have in the past implicitly recognized that a threat to a defendant's right to be protected from double jeopardy can be a sufficiently extraordinary circumstance to allow a federal court to review a petition for a writ of habeas corpus without awaiting exhaustion of the claim by completion of the state trial. See Reinstein v. Superior Court Dept. of the Trial Court of Massachusetts, 661 F.2d 255 (1st Cir. 1981). This recognition is well-founded. Because the double jeopardy clause is designed to protect a defendant not only from double conviction but also from being subjected twice to the trial process itself, Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed. 199 (1957), a federal court is in the extraordinary position of having no way to protect a defendant's constitutional right other than to consider a petition before trial. See generally Drayton v. Hayes, 589 F.2d 117, 120-21 (2d Cir. 1979); United States ex rel. Triano v. Superior Court of New Jersey, 393 F.Supp. 1061, 1067 (D.N.J.1975), aff'd without opinion, 523 F.2d 1052 (3d Cir. 1975), cert. denied, 423 U.S. 1056, 96 S.Ct. 787, 46 L.Ed. 645 (1976); Grizzle v. Turner, 387 F.Supp. 1, 4-5 (W.D.Okla.1975).
 
 
 10
 Recognition of the general principle that a petition based on a double jeopardy claim may be considered before trial does not mean, however, that a defendant is relieved of all responsibility to exhaust what pre-trial opportunities he may have to raise the claim before the state court. It is with a sense of cautiousness in keeping with the comity concerns underlying the exhaustion doctrine that we examine the measures appellants have taken to exhaust their claim that the prosecution should be barred.
 
 
 11
 Appellants did present the allegation that the double jeopardy clause requires dismissal of the conspiracy indictment to the trial court by filing a motion to dismiss. When their motion was denied, however, they sought interlocutory appeal from one member of the Supreme Judicial Court only to the extent of arguing that the double jeopardy clause required granting of their motion for "suppression of the evidence", not as here, that the prosecution should be barred. The Supreme Court clearly has required that the claim exhausted in the state court be the same claim presented in federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed. 438 (1971). There can be no question here that the application for leave to file a petition for interlocutory appeal did not raise precisely the same issue presented in this petition for a writ of habeas corpus. Despite the wording of the Massachusetts Rules of Criminal Procedure which explicitly recognize interlocutory appeal only for decisions on suppression motions, appellants could-and still can-appeal to the Massachusetts Supreme Judicial Court under its supervisory power. See Mass.Gen.Laws ch. 211 § 3; Fadden v. Commonwealth, 376 Mass. 604, 382 N.E.2d 1054, 1056 (1978). We therefore find that the unusual circumstances justifying jurisdiction over a pre-trial petition for a writ of habeas corpus do not exist in this instance.
 
 
 12
 Appellants also seek to bar the prosecution by arguing that prosecution would violate § 1983 and that § 1983 entitles them to a declaratory order dismissing the trial. Although this request for relief would raise significant questions under the abstention doctrine as set forth in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and as applied to declaratory relief in Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), we need not reach the question whether interference with the state judicial process would be fitting in these circumstances. Appellants' argument that their constitutional rights will be violated if the trial on the conspiracy charge proceeds does not withstand analysis.
 
 
 13
 We do not question the rule that the doctrine of collateral estoppel can bar a subsequent prosecution. Ashe v. Swenson, 397 U.S. 436, 445-46, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970). Applying that principle, we do not view the jury's verdict in the first case as precluding prosecution of the second case. We accept the trial court's finding that the verdict did not acquit appellants of conspiring to set the fire, despite the fact that they were acquitted of a charge that they did "aid, counsel and procure" the burning of the building.[1]
 
 
 14
 Beyond arguing that collateral estoppel bars prosecution on the conspiracy charge because an element of the crime has already been found in their favor-the argument we have just rejected-appellants argue that collateral estoppel bars the trial because the government does not have sufficient evidence to prove an illegal agreement if it cannot relitigate the substantive crimes to the extent of creating the inference that appellants committed arson and therefore must have conspired. Certainly, collateral estoppel prevents the government from relitigating the previous acquittals, see section III, infra, but beyond this point, appellants' argument raises nothing more than an issue of the sufficiency of the evidence. This is a question that must be presented to the trial court in the form of a motion for acquittal; it is not to be put before the federal courts in the guise of a constitutional issue. We therefore conclude that collateral estoppel, as applied through the double jeopardy clause, does not bar appellants' prosecution on the charge of conspiracy.
 
 III.
 
 15
 Alternatively, appellants seek a writ barring the relitigation of all facts and issues necessarily determined in their favor at the previous trial as well as declaratory and injunctive relief to the same effect under § 1983. The prayer for relief under our habeas corpus jurisdiction is inappropriate, for the only relief we can give is to release the supplicant from custody. As to the prayer for relief under § 1983, we hold that the case is not ripe for our consideration.
 
 
 16
 The doctrine of collateral estoppel as incorporated into the double jeopardy clause can not only bar a prosecution but it can also prevent the relitigation of specific facts and issues necessarily found in a defendant's favor at a previous trial. See United States v. Lee, 622 F.2d 787, 790 (5th Cir. 1980); United States v. Cioffi, 487 F.2d 492, 498 (2d Cir. 1973), cert. denied, 416 U.S. 995, 94 S.Ct. 2410, 40 L.Ed.2d 774 (1974). Appellants fear that the Commonwealth will try to relitigate the issue whether appellants set the fire and hence they seek our protection. At this juncture, however, there is no way of knowing how the state will try to marshal its evidence and what points it will try to prove. Until it becomes evident that the government is attempting to encroach on appellants' right to be free from double jeopardy, there is no case or controversy that can be brought before this court.[2] We are not about to set ourselves up as Friday afternoon quarterbacks. In reaching this result, we note that it is not necessary for us to consider whether intervention would ever be appropriate should a defendant dispute a trial court's ruling during trial that the collateral estoppel principles had not been violated.
 
 
 17
 In conclusion, we find that the habeas corpus claim that the prosecution be barred is not properly before the court and that appellants' prayer for the same relief under § 1983 is without merit. The claim that the double jeopardy clause requires this court to impose orders or injunctions regulating what evidence may be admitted at trial is found not to be justiciable. Accordingly, in order to prevent possible misunderstanding by the state trial court, we vacate that part of the district court's February 26, 1981, Memorandum of Decision, as amended on March 6, 1981, foreclosing the Commonwealth from offering specific evidence at the trial on the conspiracy charge, and affirm the judgment of March 13, 1981, directing "that the petition for writ of habeas corpus and for declaratory injunctive relief be, and it is hereby, denied".
 
 
 
 *
 Of the Third Circuit, sitting by designation
 
 
 [1]
 In ruling on appellants' pre-trial motion to dismiss, the Superior Court found that the charge to the jury and the language of the indictment meant that appellants were being charged with a joint criminal enterprise, not conspiracy. Proof of the former required proof that appellants participated in the commission of the crimes, while proof of the latter requires an element not common to the former-proof of an unlawful agreement. Thus, the trial court concluded that appellants had not been acquitted of the charge of making an illegal agreement. We accept this interpretation and application of Massachusetts law
 
 
 [2]
 We note that when the trial court denied appellants' pre-trial motion in limine that requested an order stating that certain issues could not be litigated, it denied the motion without prejudice to appellants' opportunity to file another motion when the state presented its case. It would seem that the trial court had similarly recognized that the issue was not ready for resolution. This approach does not leave appellants without a way to protect their constitutional rights