Michael LYDON, Plaintiff,

v.

The JUSTICES OF the BOSTON MUNICIPAL COURT, et al., Defendants.

Civ. A. No. 81–2311–G.

United States District Court, D. Massachusetts.

April 13, 1982.

David Rossman, Boston, Mass., for plaintiff.

Barbara A. H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Division, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON HABEAS CORPUS PETITION

GARRITY, District Judge.

Petitioner Michael Lydon seeks a writ of habeas corpus to prevent Massachusetts from trying him a second time pursuant to its two-tier trial system. Petitioner contends that a second trial under the circumstances of his case would violate the double jeopardy clause of the federal constitution. Respondents have moved to dismiss on the grounds that the court lacks jurisdiction, that petitioner has not exhausted state remedies and that the double jeopardy clause does not bar a retrial as provided here.

Massachusetts provides that criminal defendants to certain specified charges who are to be tried in the Boston Municipal Court may elect to waive the right to a jury trial in the first instance and instead proceed to a bench trial. Mass.G.L. c. 218, §§ 26, 26A. If the defendant is dissatisfied with the result of the bench trial, he may then elect to proceed to a jury trial *de novo* as his sole available remedy. He need not, however, undergo the jury trial but may instead accept the verdict of the judge at the bench trial in the Boston Municipal Court. And, if he is acquitted after the bench trial, the state cannot subject him to the second trial.

Petitioner, who was charged with illegal possession of burglarious implements, elected an initial bench trial and was convicted. His objection that the prosecution had failed to introduce sufficient evidence of the requisite illegal intent, an element of

the crime, was denied. He then requested a jury trial *de novo*, but prior to the jury trial moved to dismiss the charges on the ground that retrial would violate the double jeopardy clause. That motion was denied without a hearing. Lydon then petitioned the single justice session of the Supreme Judicial Court for relief under G.L. c. 211, § 3. The prosecution conceded, and the single justice concluded, that the evidence had in fact been insufficient to convict. The single justice did not, however, report that finding to the full Supreme Judicial Court but instead stayed the trial and reported two other questions to the full court: Whether a defendant would be denied his right not to be placed in double jeopardy if required to go through a jury trial requested by him when the evidence at the bench trial was inadequate to convict and whether, assuming a jury trial would violate the double jeopardy clause, the jury trial judge could reconsider the sufficiency of the evidence if the judge at the bench trial had decided it was sufficient. The S.J.C. held, in a 5–2 decision, that the jury trial under the Massachusetts two-tier system did not violate the double jeopardy clause where the initial conviction was supported by insufficient evidence. All seven justices, however, believed that if such a jury trial would violate the double jeopardy clause, the jury trial judge could reconsider the adequacy of the evidence at the first trial. Lydon subsequently filed his petition in this court for habeas relief. The court received briefs and heard argument on November 4, 1981.

A district court has jurisdiction to consider an application for a writ of habeas corpus on behalf of an individual in custody pursuant to judgment of a state court, only if the individual "is in custody in violation of the Constitution or laws or treaties of the United States", 28 U.S.C. § 2254(a), and has exhausted available state remedies, 28 U.S.C. § 2254(b). Petitioner has satisfied the jurisdictional prerequisites.

■ The "in custody" requirement of the habeas corpus statute does not condition habeas jurisdiction on actual physical confinement or restraint. Rather, it refers to various restraints on liberty "not shared by the public generally." *Jones v. Cunningham*, 1963, 371 U.S. 236, 240, 83 S.Ct. 373, 375, 9 L.Ed.2d 285. Thus, an individual who has been released on his own recognizance following conviction is "in custody" within the meaning of the habeas corpus statute. *Hensley v. Municipal Court*, 1973, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294. Petitioner is such an individual.

Although an individual released on bail or on his own recognizance would be "in custody" he would not necessarily be able to petition for habeas relief. Rather, "he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts." *Hensley v. Municipal Court, supra* at 353, 93 S.Ct. at 1575.

Defendants here point out, however, that 28 U.S.C. § 2254(a) confers jurisdiction on this court to entertain a habeas petition brought by one in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the [United States] Constitution" or other federal law. Here, defendants argued, petitioner does not challenge the constitutionality of his custody but only the ability of the court to proceed with his jury trial *de novo*. We reject this argument.

■ First, petitioner implicitly claims that "he is in custody in violation of the constitution." Had the court at petitioner's bench trial found petitioner not guilty, there would, of course, be no basis for the imposition of bail or other custody. Here petitioner contends that the evidence at the bench trial was insufficient to convict him so that he should have been found not guilty. A second trial, petitioner contends, would violate his rights under the double jeopardy clause. Yet the prospect of the second trial constitutes the basis for subjecting petitioner to custody. Therefore, petitioner's allegation is, essentially, that the custody violates the Constitution.

■ Second, it often is appropriate to assume jurisdiction to consider the merits of a pretrial writ of habeas corpus where peti-

tioner claims the pending trial would place him in jeopardy a second time for the same offense. "Because the double jeopardy clause is designed to protect a defendant not only from double conviction but also from being subjected twice to the trial process itself . . . a federal court is in the extraordinary position of having no way to protect a defendant's constitutional right other than to consider a petition before trial." *Benson v. Superior Court Department of the Trial Court of Massachusetts*, 1 Cir. 1981, 663 F.2d 355, 359; cf. *Abney v. United States*, 1977, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (pretrial order denying motion to dismiss indictment is appealable to preserve defendant's double jeopardy rights). Thus, we conclude that the requirements of 28 U.S.C. § 2254(a) are satisfied where an individual who is in custody pending a trial asserts that the trial would violate the double jeopardy clause.

█ For habeas jurisdiction to exist, however, the petitioner must also have exhausted available state remedies. 28 U.S.C. § 2254(b). Even where the petition is based on a double jeopardy claim, the petitioner retains some responsibility to exhaust pretrial opportunities to raise that claim before the state court. *Benson v. Superior Court Department of Trial Court of Massachusetts, supra* at 359. Petitioner here has done so. As recounted above, Lydon (a) moved to dismiss charges against him on the grounds that the evidence at the bench trial was insufficient, (b) petitioned the single justice session of the S.J.C. for relief from the denial of that motion, (c) presented the same claim he presents here to the S.J.C., and (d) petitioned the United States Supreme Court for a writ of certiorari, which was denied. He has exhausted all available state remedies short of submitting to the second trial. *Benson* requires that he do no more. See also *Drayton v. Hayes*, 2 Cir. 1979, 589 F.2d 117, 120–21. To hold that the exhaustion requirement means that petitioner must face a second trial before seeking habeas relief might subject him to one of the evils which the double jeopardy clause proscribes—multiple trials—in order to qualify for a determination of whether the trial violated that clause.

█ Having determined that this court has jurisdiction to consider this habeas petition, we turn now to petitioner's substantive claim that application of the Massachusetts two-tier trial system violated rights the double jeopardy clause protects. The corpus of writing on this case already includes two scholarly opinions by justices of the S.J.C. which clearly present the opposing arguments, *Lydon v. Commonwealth*, 381 Mass. 356, 409 N.E.2d 745 (1980), *cert. denied* 1980, 449 U.S. 1065, 101 S.Ct. 792, 66 L.Ed.2d 609, and a lengthy law review discussion. See Comment, "Double Jeopardy Problems Presented by Two Tier Systems," 69 *Georgetown Law Journal* 1525 (1981). We will not review and discuss again the competing arguments which Justices Wilkins and Liacos have so carefully presented and instead will incorporate their opinions by reference and confine our treatment to stating the considerations which. ultimately have influenced our decision.

To begin with, we do not believe that any prior case cited by petitioner or respondent covers the precise situation present here. In *Burks v. United States*, 1978, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, the Supreme Court held that the double jeopardy clause precludes retrial of a defendant whose conviction had been reversed by an appellate court solely for insufficient evidence even if defendant moved for a new trial. Recently, the court held in *Hudson v. Louisiana*, 1981, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30, that *Burks* applies also when the trial court judge on a motion for a new trial, rather than a higher court on review, determines that the evidence was insufficient. This case differs from *Burks* in two ways which Justice Wilkins pointed out. *Burks* did not deal with a two-tier system. Moreover, unlike *Burks*, here no reviewing court has ruled, or would have the opportunity to rule that the evidence at the bench trial was insufficient. *Lydon v. Commonwealth, supra* 381 Mass. 356, 409 N.E.2d 745 (1980).

*Hudson,* too, is distinguishable since the jury trial court in the present case denied Lydon's motion to dismiss. Cases upon which respondent relies, particularly *Ludwig v. Massachusetts,* 1976, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732, and *Colten v. Kentucky,* 1972, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584, in which the Supreme Court upheld two-tier systems, including the previous Massachusetts provision, against double jeopardy attacks, are also not controlling. Those cases did not address the situation in which evidence at the first trial was insufficient. See *Lydon v. Commonwealth, supra* 381 Mass. 356, n. 1, 409 N.E.2d 745 (1980) (Liacos, J., dissenting). Moreover, those cases antedated *Burks* and rested on a premise that *Burks* substantially altered. The Court made that premise explicit in *Ludwig,* the case in which it upheld the Commonwealth's prior two-tier system, when it said: "A defendant who elects to be tried *de novo* in Massachusetts is in no different position than is a convicted defendant who successfully appeals on the basis of the trial record and gains a reversal of his conviction and a remand of his case for a new trial. Under these circumstances, it has long been clear that the State may reprosecute." *Ludwig v. Massachusetts, supra* 427 U.S. at 631–32, 96 S.Ct. 2788–89. After *Burks,* however, a defendant who gains a reversal based on insufficient evidence at the first trial may no longer be reprosecuted. Thus, the Massachusetts system at issue in *Ludwig* no longer parallels the constitutional norm and *Ludwig* accordingly does not direct the outcome here.

Although the prior Supreme Court decisions may be distinguished in some particulars, we conclude based on the principles they represent that retrial of Lydon under the Massachusetts two-tier system would deny him rights protected by the double jeopardy clause if his conviction was, in fact, based on insufficient evidence. We take *Burks* as our starting point. It held that the double jeopardy clause of the Fifth Amendment confers a constitutional right on criminal defendants not to be retried when there was insufficient evidence to convict at the first trial. That rule also applies to state defendants, *Greene v. Massey,* 1978, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, and to defendants who seek a new trial, *Burks v. United States, supra* 437 U.S. at 17, 98 S.Ct. at 2150.

We are mindful, of course, that the Constitution does not require states generally to provide appellate review for criminal convictions. *Griffin v. Illinois,* 1956, 351 U.S. 12, 18, 21, 27, 76 S.Ct. 585, 590, 591, 594, 100 L.Ed. 891; *McKane v. Durston,* 1894, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867. But we do not believe that that rule, coupled with the fact that a state chooses not to provide for review of a bench trial verdict, immunizes the state from federal constitutional promises. *Burks* does not become relevant, in our view, only after a reviewing court has found the evidence insufficient to convict. Rather it bestows a constitutional right upon defendants not to be retried when the initial conviction rests on insufficient evidence. The state is duty-bound to protect that right. Recognizing that double jeopardy rights must be protected prospectively, courts have fashioned special procedures to do so. See, e.g., *Abney v. United States, supra; Benson v. Superior Court, supra.* Respondents' preoccupation with whether there was an appellate determination of insufficient evidence strikes us as "a formal nicety wholly unrelated to the purposes of the double jeopardy clause." *Lydon v. Commonwealth, supra* 381 Mass. 356, 409 N.E.2d 745 (1980) (Liacos, J., dissenting).

Lydon did not waive the protection against double jeopardy either by electing initially a bench, rather than jury, trial or by moving for a jury trial following his initial conviction. There is no evidence that Lydon had a "meaningful choice" and made a "voluntary knowing relinquishment of a right," *Green v. United States,* 1957, 355 U.S. 184, 191–92, 78 S.Ct. 221, 225–26, 2 L.Ed.2d 199, in submitting initially to a bench trial since it is not clear that he appreciated that in so doing he was waiving rights protected by the double jeopardy

clause. And *Burks* makes it clear that it "cannot be meaningfully said that a person 'waives' his right to a judgment of acquittal by moving for a new trial." *Burks v. United States, supra* 437 U.S. at 17, 98 S.Ct. at 2150. See also *Hudson v. Louisiana, supra.*

Since conducting a jury trial *de novo* would abridge rights the double jeopardy clause protects, if Lydon's conviction rested on insufficient evidence, we conclude that petitioner does state a claim upon which relief can be granted and so deny respondent's motion to dismiss. We turn now to the merits of petitioner's claim. The question that remains is whether the evidence at the first trial was insufficient. Justice Wilkins, who considered the case in the single justice session, concluded at page three of his "Reservation and Report of Questions Arising in the Plaintiffs' Petition for Relief Under G.L. c. 211, § 3" that "the evidence was not sufficient to warrant guilty findings." The S.J.C. majority made clear, in an opinion Justice Wilkins wrote, that he "did not sit as a reviewing court in determining the sufficiency of the evidence" but rather framed questions for the full court to consider. *Lydon v. Commonwealth, supra* —— Mass. at ——, n. 6, 1980 Mass. Adv.Sh. at 1918 n. 6, 409 N.E.2d 745. Justice Wilkins also observed in the above-cited "Reservation and Report" that the "Commonwealth concedes that the evidence presented was insufficient to warrant a finding of guilty on the charges as set forth in the complaint."

Since Justice Wilkins did not sit as a reviewing court in assessing the sufficiency of the evidence, we do not treat his "Reservation and Report" as an adjudication on the merits.[1] Rather, in order to make an independent determination of the sufficiency of the evidence, we have reviewed the "Transcript of the Evidence" at Lydon's bench trial on November 9, 1979, a copy of which, stipulated by the parties to be accurate, is Appendix C to the petition. Justice Wilkins pointed out at page 3 of his

"Reservation and Report" that the Commonwealth's complaint alleged that Lydon knowingly possessed implements designed to break open a depository (here an automobile) to steal money or property from it, in violation of Mass.G.L. c. 266, § 49. The trial transcript contains "no evidence that Lydon intended to steal money or property from the automobile, an essential element of the crime charged. Thus, we conclude, based on our review of the transcript, that the evidence at petitioner's bench trial was insufficient to convict him. It follows from the earlier discussion of this memorandum that a trial *de novo* under Massachusetts' two-tier system would violate petitioner's double jeopardy rights. Accordingly, we grant the petition for a writ of habeas corpus.

We note, in concluding, that our holding, while granting the immediate petitioner's writ, need not eliminate nor even work substantial change in the operation of Massachusetts' two-tier system. The defects could be cured in several ways. The state could expand the initial consent process so that a judicial officer would explain that if the defendant elected to begin with a trial his only recourse from a conviction would be a jury trial *de novo, Lydon v. Commonwealth, supra* 381 Mass. 356 n. 13, 409 N.E.2d 745 (1980), and the constitutional significance of that waiver. The state could, alternatively, provide a forum to review the bench trial verdict. Indeed, the S.J.C. in *Lydon* unanimously agreed that if the two-tier system did infringe double jeopardy rights a judge at the jury trial session could properly decide a double jeopardy challenge to the sufficiency of the evidence. *Lydon v. Commonwealth, supra* 381 Mass. 356, 409 N.E.2d 745 (1980). Or, the state could fashion a system that would preclude the prosecution from offering new evidence at the second level. See, e.g., *Swisher v. Brady,* 1978, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705.

---

1. We do, however, adopt and incorporate by reference the helpful discussion and reasoning on pages 3 to 7 of his "Reservation and Report" to the extent pertinent to our determination of the sufficiency of the evidence.

## ORDER

Consistent with, and pursuant to, this memorandum of law, we deny respondents' motion to dismiss and grant petitioner's petition for a writ of habeas corpus and, accordingly, order that petitioner be released from his unconstitutional custody, namely, the personal recognizance of $500 to ensure his appearance before the jury session of the Boston Municipal Court, and that he not be retried before the jury session of the Boston Municipal Court on the same charges for which he was already tried in the first tier of the two-tier system and convicted based on insufficient evidence. Since we understand that petitioner, by claiming a jury trial *de novo*, wiped out the bench trial verdict and sentence so that petitioner is no longer subject to that sentence, we take no further action.