COMMONWEALTH *vs.* SUSAN M. CLARY. April 15, 1982. Susan Clary was found guilty of assault and battery on David Spillane with a dangerous weapon, a knife. She has appealed from a sentence of two years' probation imposed by a District Court judge sitting in the Superior Court by statutory authority. The jury reasonably could have found the following to have been facts.

Spillane arrived at the Lamplighter bar in Worcester at some time after midnight on a Sunday morning in November, 1979. Denise Przygoda (Denise) and Susan Clary came into the bar. Denise wanted to speak to Spillane outside. Denise, Susan, and Spillane went outside. Denise accused Spillane of hitting her sister Linda, then Spillane's "girlfriend." Denise started hitting Spillane. Susan joined in this. Suddenly Spillane saw a knife coming from a "girl's hand." It hit him just above his heart. He was bleeding profusely, and a friend took off Spillane's shirt and applied pressure to stop the bleeding. Susan was walking away about ten feet from him. Spillane called to the owner of the bar. "[T]hose two 'lesies' stabbed me . . . don't let her get away," pointing to Susan. En route to the hospital, Spillane told a police officer that Susan Clary had "stabbed" him. Spillane, after ten days in the hospital, recovered, fortunately for the attacker.

There was conflicting testimony from several witnesses concerning the events outside the Lamplighter bar and the identity of the young woman responsible for the knife wound. There were discrepancies between the original statements to the police of some witnesses and their testimony in court. There was confusion about descriptions of the assailant by witnesses. Spillane, himself a witness, admitted to having that evening consumed four beers and used marijuana, cocaine or mannitol, and valium.

1. The trial judge properly denied requests for required findings of not guilty. It was for the jury to appraise the conflicting evidence, with all its inconsistencies and possibilities of misidentification. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-679 (1979).

2. The defendant contends that the trial judge should have permitted her trial counsel to withdraw as counsel so that counsel could testify to conversations with Officer Maki which tended to cast doubt upon the testimony given by him. Counsel's request was not pressed after an unrecorded bench conference. The transcript and a later affidavit by defense trial counsel reveal no renewed effort to withdraw. No error has been established in the circumstances, which are even less clearly developed in this record than in *Commonwealth* v. *Rondeau*, 378 Mass. 408, 410-417 (1979).

3. Susan Clary's counsel contends that the remark by Spillane about "those two 'lesies'" was received in evidence by the trial judge as an

"adoptive admission." See Liacos, Massachusetts Evidence, § 13(B)(3)(b)(ii) (5th ed. 1981). The trial judge, on objection by defense counsel, merely said ambiguously, "[w]ithin ten feet, presence of the accused . . . manner of voice . . . whether or not you can infer that the accused heard . . . . I would allow it." Spillane's offensive statement, in view of the "general wariness [about use] of adoptive admissions" (see *Commonwealth* v. *Rembiszewski*, 363 Mass. 311, 316 [1973]), should probably not have been received, if it was so admitted, on that theory. It was admissible, however (if in fact it was made), as a spontaneous exclamation during a rapidly developing incident in circumstances reasonably negating premeditation. See *Commonwealth* v. *Sellon*, 380 Mass. 220, 229-230 & n.14 (1980); Liacos, *supra* at § 13(B)(12). Even if the judge admitted the evidence for the wrong reason, see *Commonwealth* v. *Harris*, 376 Mass. 201, 206 (1978), no request was made by counsel for instructions to the jury to disregard Spillane's irrelevant and objectionable term (unsupported on this record). Compare, in this respect, the *Harris* case, *supra* at 203-204, 206.

4. The prosecuting attorney appropriately should have avoided unnecessarily mentioning Spillane's offensive term in argument. The judge dealt with a defense objection by saying that he would "[t]ake care of it in . . . [his] instructions." The prosecutor risked confusion also by his irrelevant discussion (an objection to which was dealt with by the judge in like fashion) of a then current television program.

The prosecutor also referred to testimony of Susan Clary and Officer Almstrom, both of whom (with Susan's brother, also a police officer) had returned on the early morning after the stabbing to Denise's automobile parked near the Lamplighter. They testified that they had found a knife under the front seat of that automobile and replaced it. Counsel's argument on this (confused and barely intelligible as appearing in the transcript) seems to suggest that the officer had not reported the discovery of the knife and that the knife had disappeared. No objection, however, was made at trial to this part of the argument.

The trial judge (although not mentioning the specific objections to the prosecutor's argument) instructed the jury on their role as sole fact finders in determining the weight of the evidence and the credibility of the witnesses. He pointed out their duty to confine their deliberations to the evidence. He pointed out also at the beginning of his instructions that the jury were not to "look at" the arguments or the opening remarks of counsel. At the close of his charge, no objection was made to his charge except, apparently, a suggestion that he remind the jury that the verdict in a criminal case must be unanimous. Although the charge was repetitious and confused, we are of opinion that it sufficiently told the jury to make its determination only upon the evidence before it. No part of the prosecutor's arguments (viewed as a whole and in context and taken with the judge's charge) seems to us to have been objectionable in sufficient degree

to cause any substantial risk of a miscarriage of justice. *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 416-424 (1978). See *Commonwealth* v. *O'Brien*, 377 Mass. 772, 778-779 (1979); *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 103, 119-120 (1980), modified on other grounds, 382 Mass. 387, 397 (1981). Contrast *Commonwealth* v. *Shelley*, 374 Mass. 466, 469-474 (1978); *Commonwealth* v. *Villalobos*, 7 Mass. App. Ct. 905, 906 (1979).

*Judgment affirmed.*

*Jane Larmon White* for the defendant.

*Lynn Morrill Turcotte*, Assistant District Attorney, for the Commonwealth.